# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

MATT LUIKEN AND
JON SANDQUIST, on behalf of
themselves and all others similarly
situated,

        Plaintiffs,

Case No. 11-MC-34

-vs-

RUNZHEIMER INTERNATIONAL, Ltd.,

        Defendant.

# DECISION AND ORDER

The plaintiffs in this miscellaneous action are Domino's Pizza delivery drivers. They brought a class action lawsuit under the Fair Labor Standards Act in the District of Minnesota alleging that Domino's under-reimburses them for expenses related to driving their personal vehicles. *Luiken, et al., v. Domino's Pizza, LLC*, Case No. 09-CV-516-DWF-AJB (D. Minn.) Runzheimer International, Ltd. helped Domino's create the program it uses to determine how to reimburse its drivers. The plaintiffs served Runzheimer with a subpoena in this judicial district. Runzheimer objected, the plaintiffs moved to compel, and Runzheimer moved to quash.

Runzheimer objects to the subpoena because it would require the disclosure of trade secrets. Runzheimer touts itself as the "global leader in business car reimbursement programs." One of the services Runzheimer provides is called the Runzheimer Plan, a "nontaxable vehicle reimbursement program for employees who drive their own vehicles for

business. Under this vehicle reimbursement plan, reimbursements are calculated for both the fixed and operating costs of vehicle ownership and operation based on the employee's city of residence, annual business miles, driving territory, and conditions." It is undisputed, and the Court is satisfied, that Runzheimer's methodology for conducting vehicle mileage studies and reports is a confidential trade secret. Wis. Stat. § 134.90 (trade secret is that which derives independent economic value from not being readily known or ascertainable by proper means by other persons who can obtain economic value from its disclosure or use, and which is the subject of reasonable efforts to maintain its confidentiality).

The issuing court may quash or modify a subpoena if it requires "disclosing a trade secret or other confidential research, development, or commercial information." Fed. R. Civ. P. 45(c)(3)(B)(i). To compel the disclosure of trade secrets pursuant to a subpoena, the serving party must show "a substantial need for the testimony or material that cannot be otherwise met without undue hardship." Fed. R. Civ. P. 45(c)(3)(C)(i). Stated another way, the serving party must demonstrate that the disclosure of trade secrets is both relevant *and* necessary to the underlying litigation. *Echostar Comm'n Corp. v. News Corp. Ltd.*, 180 F.R.D. 391, 395 (D. Colo. 1998); *see also Centurion Indus., Inc. v. Warren Steurer*, 665 F.2d 323, 325 (10th Cir. 1981).

Plaintiffs argue that the requested information is relevant, and the Court is inclined to agree. However, plaintiffs did not demonstrate that they have a "substantial need" for the subpoenaed information that cannot otherwise be met without suffering undue hardship. Plaintiffs argue that Runzheimer's trade secrets will be protected from third-party disclosure

by the protective order in the underlying litigation. There are cases in this judicial district which enforce subpoenas requiring the disclosure of information protected by a collateral protective order. *United States v. Dean Foods Co.*, No. 10-CV-59, 2011 WL 382897, at *2 (E.D. Wis. Feb. 3, 2011); *Latino Food Marketers, LLC v. Ole Mexican Foods, Inc.*, No. 03-C-190-C, 2004 WL 635553, at *2 (W.D. Wis. March 1, 2004); *Dean Foods Co. v. Pleasant View Dairy Corp.*, No. 10-MC-189-PRC, 2011 WL 38994, at *2 (N.D. Ind. Jan. 5, 2011). However, none of these cases involved the disclosure of trade secrets, so the "substantial need" provisions of Rule 45(c)(3)(C) were never implicated.

**IT IS HEREBY ORDERED THAT** Runzheimer's motion to quash [D. 15] is **GRANTED**, and the plaintiffs' motion to compel [D. 1] is **DENIED**

Dated at Milwaukee, Wisconsin, this 3rd day of August, 2011.

**BY THE COURT**:

*s/ Rudolph T. Randa*
**HON. RUDOLPH T. RANDA**
**U.S. District Judge**